## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SALEEM EL-AMIN,

                    **Petitioner**,

          v.                                    **CASE NO. 20-3192-SAC**

DON HUDSON,


### MEMORANDUM AND ORDER

This matter comes before the Court on a petition filed pro se by a prisoner held at the United States Penitentiary, Leavenworth. The Court has conducted an initial review of the petition and concludes this matter must be dismissed.

### Nature of the Petition

Petitioner brings this action as a petition for mandamus. He alleges he received ineffective assistance of counsel during criminal proceedings and seeks release from confinement.

### Discussion

Filings submitted by a party proceeding pro se are read liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)(per curiam). In reviewing the petition, the Court has taken judicial notice that petitioner was convicted in the District of Columbia, and that he previously brought a petition under 28 U.S.C. § 2254 challenging the same conviction he attacks here. *El-Amin v. English*, 788 Fed. Appx. 589 (10th Cir. 2019)(affirming denial of habeas corpus petition).

Because petitioner challenges the validity of his conviction and seeks immediate release, his petition may proceed only as a petition for habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973)(stating habeas corpus provides the exclusive remedy for a state

prisoner challenging the fact or duration of his confinement and seeking immediate or speedier release). However, because petitioner previously brought an action under 28 U.S.C. § 2254, this matter may proceed as a second or successive petition only if he obtains prior authorization from the appropriate federal court of appeals. 28 U.S.C. § 2244(b)(3)(A). Under 28 U.S.C. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained[]." *Case v. Hatch*, 731 F.3d 1015, 1026 (10th Cir. 2013). "Before a court can consider a second claim, an applicant must first 'move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Id.* (quoting 28 §2244 (b)(3)(A)). "Section 2244's gate-keeping requirements are jurisdictional in nature and must be considered prior to the merits of a § 2254 petition." *Id.* at 1027 (citing *Panetti v. Quarterman*, 551 U.S. 930, 942-47 (2007)); *see also In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008)("A district court does not have jurisdiction to address the merits of a second or successive … § 2254 claim until this court has granted the required authorization.").

Where, as here, a petitioner presents a successive petition without the prior authorization required by statute, the district court may consider whether the matter should be transferred to the court of appeals under 28 U.S.C. § 1631, rather than dismissed, if the transfer would be in the interest of justice. *See In re Cline*, 531 F.3d at 1252. Having considered the record, the Court finds no grounds that warrant the transfer of this matter to the Tenth Circuit Court of Appeals. Petitioner does not explain why his claims were not presented in his earlier petition, nor do the claims appear to be substantial.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is liberally construed as a successive application for habeas corpus relief and is dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED petitioner's motion to proceed in forma pauperis (Doc. 2) is denied as moot.

**IT IS SO ORDERED.**

DATED:  This 20th day of July, 2020, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge