IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SALEEM EL-AMIN,

                    Petitioner,

          v.                              CASE NO. 20-3192-SAC

DON HUDSON,

                    Respondent.

MEMORANDUM AND ORDER

This matter comes before the court on post-judgment motions filed by the petitioner, a District of Columbia offender housed at the United States Penitentiary, Leavenworth.

Petitioner brought this action as a petition for mandamus. Following an initial review of the petition, in which petitioner alleges he received ineffective assistance of counsel in criminal proceedings, the court liberally construed this matter as a petition for habeas corpus filed under 28 U.S.C. § 2254. And, because petitioner previously sought relief from the same conviction in an action under § 2254[1], the court found this matter to be a successive application which requires prior authorization from the court of appeals. The court therefore dismissed this matter for lack of jurisdiction.

Petitioner has filed a motion to vacate judgment (Doc. 5), a motion for judgment (Doc. 8), an additional motion for judgment (Doc. 9), and a motion for temporary injunction (Doc. 10). He appears to argue that he cannot present a claim of ineffective assistance of trial

---

[1] *El-Amin v. English*, 2019 WL 1115265 (D. Kan. Mar. 11, 2019), *aff'd*, 788 Fed. Appx. 589 (10th Cir. 2019).

counsel under D.C. Code Ann. 23-110(g)[2] and that he should be allowed
to proceed in this action. He does not address the construction of
this matter as a petition under § 2254 or its dismissal of this matter
as a successive application.

Petitioner seeks relief under Rule 60(b)(4) of the Federal Rules
of Civil Procedure. Under Rule 60(b)(4), the Court may relieve a party
from a final judgment where the judgment is void. Fed. R. Civ.
P. 60(b)(4). A void judgment is one so affected by a fundamental
infirmity that the infirmity may be raised even after the judgment
becomes final. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S.
260, 270 (2010). "A judgment is void under Rule 60(b)(4) 'only in the
rare instance where [the] judgment is premised either on a certain
type of jurisdictional error or on a violation of due process that
deprives a party of notice or the opportunity to be heard.'" *Johnson
v. Spencer,* 950 F.3d 680, 694 (10th Cir. 2020)(quoting *Espinosa*, 559
U.S. at 271).

Petitioner's motions do not present any arguable grounds for
relief under Rul3 60(b)(4). Because the motions are repetitive and
fail to identify any coherent claim for relief from the dismissal,
the court will deny the motions.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to

---

[2] Petitioner's argument is incorrect. *See, e.g.*, *Saunders v. United States,* 72 F. Supp. 3d 105, 108-09 (D.D.C. 2014)("The petitioner's claims arise from alleged trial errors, and each could have been raised in the Superior Court by motion under § 23-110. An ineffective assistance of trial counsel claim, for example, is cognizable under § 23-110")(citing *Coleman v. Ives,* 841 F.Supp.2d 333, 335 (D.D.C.2012)).

vacate judgment (Doc. 5), motions for judgment (Docs. 8 and 9), and motion for temporary injunction (Doc. 10) are denied.

**IT IS SO ORDERED.**

DATED:  This 22nd day of December, 2020, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge